*702 OPINION OF THE COURT
Joseph F. Nocca, J.
In this small claims action to recover a sum of money, the only question for this court’s consideration is whether a Public Housing Authority may be held liable for damage concededly caused by the tenant to a section 8 housing unit.
Plaintiff, a landlord who entered into a section 8 housing voucher program contract, has sued the City of White Plains for damage to an apartment that had been rented under the Housing and Urban Development’s (HUD) section 8 voucher program.
Defendant now moves for judgment and dismissal of the complaint pursuant to CPLR 3211 (a) (2) and (7). In support of its motion, defendant submitted copies of relevant Federal regulations, the section 8 housing voucher contract and the section 8 landlord-tenant lease agreement. Defendant argues that these documents, when considered together, require a dismissal of the instant action.
Plaintiff opposes this motion, arguing that defendant agreed to be responsible for damage occasioned by the section 8 tenant’s act, by virtue of its "fiduciary position”.
The administration of HUD’s section 8 existing housing voucher program is governed by Federal regulations. The applicable Federal regulations limit the amount an owner may recover from a Public Housing Authority (PHA), in this case the City of White Plains, when a tenant vacates a unit leaving it in a damaged condition. Pursuant to 24 CFR 887.215, an owner "may claim reimbursement from the PHA for any amount the family owes under the lease (up to one month’s rent to the owner) minus the maximum security deposit the owner could have collected under § 887.211.” (Emphasis added.)
Section 887.211 (a) indicates that PHA policy determines the maximum security deposit the owner could have collected, which amount may not exceed one month’s rent. Section 887.211 (b) provides that an owner may use such security deposit as reimbursement for unpaid rent or for other amounts the tenant owes under the lease, after notice of such charges to the tenant.
These regulations have been incorporated into the section 8 existing housing voucher program contract, entered into by the plaintiff and defendant, at paragraphs 6 (B) and (C). Paragraph 6 (D) spells out the method by which a landlord *703 may make a claim against the PHA for reimbursement. This paragraph provides that before an owner may be reimbursed by the PHA for damage to any unit, the owner must submit proof of the actual cost of required repairs and "evidence of billing to and nonpayment by the Family”. Further, "[t]he PHA has the right to inspect the unit with the Owner to determine the extent of any damage.”
Paragraph 18 of the housing voucher contract indicates that the contract contains the entire agreement between the owner and the PHA and that it shall be interpreted and implemented in accordance with HUD requirements. The contract in this particular case was subscribed by representatives for the defendant and by the plaintiff.
The landlord-tenant lease agreement, entered into between plaintiff and the tenant, who is not a party to this action, includes a covenant by the tenant to repair all damage occasioned by its own misuse or neglect (para 1) and to pay the cost of all repairs within 30 days after receipt of the landlord’s demands for same (para 14).
Plaintiff concedes that the tenant is responsible for damage to the property, but argues that because of an "implied relationship” between the PHA and the tenant, the PHA is responsible in full for damage to the unit caused by the tenant. Plaintiff further argues that the PHA was required to withhold assistance payments during the "damaged period” and to use those withheld payments to reimburse the owner for any damage to the unit.
The court finds that the City of White Plains, in its capacity as the PHA, is a regulatory agency and a funding conduit for HUD and, as such, is limited by Federal regulations.
The court also finds that defendant is neither a guarantor nor a surety for the subject tenant’s performance under the section 8 housing assistance lease. The relationship between the plaintiff and its tenant is governed by the plain language of the housing voucher lease. There is no evidence in the record to support plaintiff’s contention that defendant is in a "fiduciary position” or that there is an implied relationship between defendant and the nonparty tenant.
Plaintiff’s remedies for damage caused by a tenant who received assistance under HUD’s section 8 voucher program are limited. Pursuant to the terms of the housing voucher lease, the tenant is liable for the cost of such repairs in the first instance. After the tenant moves out of the premises, the *704 landlord may seek reimbursement from the PHA, but the landlord must first notify the PHA that the tenant has moved, must give the PHA an opportunity to inspect the damage and must submit proof that the tenant has been billed and failed to pay for same. Once having passed through these hurdles, the amount of the landlord’s reimbursement from the PHA for repairs is limited to one month’s rent minus the greater of the actual or maximum allowable security deposit.
In the present case, the plaintiff has failed to comply with the notice and billing requirements contained in paragraph 6 (D) of the housing voucher contract. Having failed to comply with these conditions precedent prior to the filing of a claim for reimbursement with the PHA, plaintiff is precluded from maintaining the instant action, as a matter of law.
Defendant’s motion for judgment is, therefore, granted and the complaint is hereby dismissed.